# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFRY BROWN, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>ACUTUS MEDICAL, INC., VINCE BURGESS, and DAVID H. ROMAN,<br><br>  Defendants. | Case No.:  22-cv-206-RSH-KSC<br><br>**ORDER GRANTING PAUL D. WEINBERG'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL, AND DENYING COMPETING MOTIONS**<br><br>**[ECF Nos. 12, 13, 14]** |
| CLINTON A. FERGUSON, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>ACUTUS MEDICAL, INC., VINCE BURGESS, and DAVID H. ROMAN,<br><br>  Defendants. | Case No. 22-CV-388-RSH-KSC |

On April 18, 2022, Paul D. Weinberg ("Weinberg") filed a Motion For Consolidation Of Related Actions, Appointment As Lead Plaintiff, And Approval Of Lead Counsel ("Motion"). ECF No. 12. The Motion is unopposed. Three other purported class members filed competing motions for consolidation, and appointment of lead plaintiff and lead counsel: Ba Tran ("Tran"), Ron Harraka ("Harraka"), and Wayne R. Miller and Dennis Midkiff ("Miller and Midkiff"). ECF Nos. 11, 13, 14. Tran and Harraka, however, filed notices indicating they do not oppose Weinberg's Motion and acknowledging they do not have the largest financial interest in the litigation, ECF Nos. 15, 17, and Miller and Midkiff withdrew their motion, ECF No. 18. The deadline to file any opposition to Weinberg's Motion has passed. For the following reasons, the Court **GRANTS** Weinberg's Motion and **DENIES** the competing motions by Tran and Harraka.

## I. REQUEST FOR CONSOLIDATION

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S. Dist. Ct.*, 877 F.2d 777, 777 (9th Cir. 1989). In determining whether consolidation is appropriate, the district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984) (subsequent history omitted).

The two actions Weinberg moves to consolidate, *Jeffry Brown v. Acutus Medical, Inc., et al.*, No. 22-cv-206, and *Clinton A. Ferguson v. Acutus Medical, Inc., et al.*, No. 22-cv-388, involve common questions of fact and law. The two complaints involve the same defendants, identical proposed classes, many of the same factual allegations, and identical causes of action under the federal securities laws. Given the similar factual and legal issues, consolidation of the two cases would promote judicial economy. None of the other parties or movants have provided any indication that consolidation would cause

inconvenience, delay, or expense. Accordingly, the Court **GRANTS** Weinberg's Motion for consolidation.

## II.     APPOINTMENT OF LEAD PLAINTIFF

Under the PSLRA, the district court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). "[T]he court shall adopt a rebuttable presumption" that the most adequate plaintiff is the person or group that: (1) either filed the complaint or brought the motion for appointment of lead plaintiff in response to the publication of notice, (2) has the "largest financial interest" in the relief sought by the class, and (3) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)–(cc). The presumption may be rebutted "only upon proof by a member of the purported plaintiff class" that the presumptively most adequate plaintiff: (1) will not fairly and adequately protect the interests of the class or (2) is subject to unique defenses that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb).

The Court must presume that Weinberg is the most adequate plaintiff. Weinberg has filed a timely Motion in response to Plaintiff's published notice. *See* ECF Nos. 12, 12-3 (filing Motion on April 18, 2022, *i.e.*, sixty days after notice); 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) (allowing purported class members to move for appointment as lead plaintiff within 60 days of publication of notice by plaintiffs). He also has the largest financial interest in the relief sought. The Motion attaches a chart reflecting total losses of $29,943.10, ECF No. 12-5, far exceeding Plaintiff Jeffry Brown's alleged losses, ECF No. 1 at 32-33 (indicating purchase of only 100 shares at $12.25), and also exceeding the alleged losses of Clinton A. Ferguson, the Plaintiff in the related case, *see* Case No. 22-cv-0388, ECF No. 1 at 44 (indicating purchase of 500 shares at prices ranging from $7.81 to $8.50). The remaining competing movants, Harraka and Tran, concede they do not have the largest financial interest in the action, ECF No 15 at 1; ECF No. 17 at 2.

Finally, Weinberg has satisfied the requirements of Federal Rule of Civil Procedure 23 for purposes of a lead plaintiff motion. In assessing whether a lead plaintiff applicant meets those requirements, the Court must analyze "in particular those of 'typicality' and 'adequacy.'" *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). Representative claims are "typical" if they are "reasonably co-extensive with those of absent class members," although "they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). In analyzing "adequacy," the Court must ask whether the proposed lead plaintiff and his counsel "have any conflicts of interest with other class members" and whether they will "prosecute the action vigorously on behalf of the class." *Hanlon*, 150 F.3d at 1020. "[T]he inquiry at this stage of the litigation is not as searching as the one triggered by a motion for class certification, [but] the proposed lead plaintiff must make at least a preliminary showing that it meets the typicality and adequacy factor[s]." *See Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010).

Weinberg's claims and defenses are typical of those of the other putative class members because, '[l]ike all members of the class," Weinberg purchased Acutus stock during the class period, suffered losses from those transactions due to the artificial inflation of that stock, and makes typical allegations that Defendants violated the federal securities laws by making material misstatements concerning Acutus's operations and financial prospects. ECF No. 12-1 at 7. Weinberg's claims and defenses are reasonably co-extensive with those of the other putative class members. Weinberg has also demonstrated he is an adequate representative because there is no evidence that his interests are antagonistic to the class, he has sufficient experience, and has retained competent counsel. *Id*. at 7-8. Weinberg has made a sufficient showing of typicality and adequacy at this preliminary stage.

Because Weinberg has timely filed a Motion indicating he has the largest financial interest and otherwise satisfies the elements of Federal Rule of Civil Procedure 23 at this

stage, the Court presumes he is the most adequate plaintiff to represent the interests of the putative class.

None of the movants or other parties have submitted any evidence to rebut this presumption. There is no proof on the record indicating that Weinberg cannot fairly and adequately protect the interests of the class or that he is subject to unique defenses rendering him incapable of representing the class. Indeed, the two remaining movants, Tran and Harraka, have submitted notices indicating they do not oppose Weinberg's Motion. ECF Nos. 15, 17. The deadline for any opposition to the Motion has also passed. Under these circumstances, there is no basis to rebut the presumption that Weinberg is the most adequate plaintiff. *See* 5 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)–(bb) ("The presumption . . . may be rebutted only upon proof by a member of the purported plaintiff class"). Given the unrebutted presumption that Weinberg is the most adequate plaintiff, the Court **GRANTS** Weinberg's Motion to be appointed lead plaintiff.

### III. APPOINTMENT OF LEAD COUNSEL

The PSLRA provides that the lead plaintiff shall select and retain counsel to represent the class, "subject to the approval of the court." 15 U.S.C. § 78u-4(a)(3)(B)(v). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Ct.*, 586 F.3d 703, 712 (9th Cir. 2009); *see also Cavanaugh*, 306 F.3d at 732-33 (noting that "the district court has no authority to select for the class what it considers to be the best possible lawyer").

Glancy Prongay & Murray LLP ("GPM") has extensive experience in representing investors in class actions throughout the country and has served as lead or co-lead counsel in numerous securities class actions that resulted in significant recoveries for class members. ECF No. 12-6 at 2-4. Because GPM appears competent to represent the class, the Court defers to Weinberg's choice and hereby approves GPM as lead counsel. *See also* Fed. R. Civ. P. 23(g)(1)(A) (requiring courts to consider in appointing class counsel, *inter alia*, "counsel's experience in handling class actions, other complex

litigation, and the types of claims asserted in the action" and "counsel's knowledge of the applicable law").

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Weinberg's Motion, ECF No. 12, and **ORDERS** as follows:

1. *Jeffry Brown v. Acutus Medical, Inc., et al.*, No. 22-cv-206, and *Clinton A. Ferguson v. Acutus Medical, Inc., et al.*, No. 22-cv-388 are consolidated for all purposes (the "Consolidated Action"). This Order will apply to the Consolidated Action and to each case that relates to the same subject matter that is subsequently filed in this District or is transferred to this District, and is consolidated with the Consolidated Action.

2. A Master File is established for this proceeding.  The Master File will be Case No. 3:22-cv-206-RSH-KSC.  The Clerk will file all pleadings in the Master File and note such filings on the Master Docket.

3. Every pleading in the Consolidated Action must have the following caption:

| IN RE ACUTUS MEDICAL, INC. SECURITIES LITIGATION | Case No. 22-CV-206-RSH-KSC |

4. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B), Paul D. Weinberg is appointed to serve as Lead Plaintiff in the Consolidated Action.

5. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), Paul D. Weinberg's selection of Glancy Prongay & Murray LLP as Lead Counsel for the class is approved. Lead Counsel will have the authority to speak for all plaintiffs and class members in all matters regarding the litigation, including, but not limited to, pre-trial proceedings, motion practice, trial, and settlement.

//
//
//

The competing motions by Tran and Harraka, ECF Nos. 13, 14, are hereby **DENIED**.

    **IT IS SO ORDERED**.

Dated: July 19, 2022

*Robert S. Huie*
_____
Hon. Robert S. Huie
United States District Judge